RECEIVED
IN LAKE CHARLES, LA
APR - 3 2009
Pam
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20027-002 |
| VS. | : | JUDGE MINALDI |
| SHEILA MATERNE RICHARD | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence [docs. 239, 240] pursuant to 28 U.S.C. §2255.[1] The Government filed a Answer [doc. 246] and the defendant did not file a reply.

Sheila Richard that: 1) The factual basis used to support the guilty plea does not describe conduct containing the elements of the offenses to which she pled; and 2) To the extent that the defendant's attorney "failed to adequately ensure that she was intelligently admitting to the charges against her, with real notice of the true nature of those charge, she did not receive effective assistance of counsel."[2]

### PROCEDURAL HISTORY

---

[1] On February 3, 2009, the defendant filed a motion entitled "Petition for Writ of *Habeas Corpus* Under 28 U.S.C. § 2241 by a Person in Federal Custody." This motion was apparently originally filed on January 12, 2009 under Civil Number: 09CV0045. On February 3, 2009, in a memorandum order, the Court construed the action as a motion to vacate under 28 U.S.C. § 2255. (Doc. 2 of 2: 09CV0045).

[2] Memorandum in Support of Motion.

On August 14, 2007, the defendant pleaded guilty to Counts One and Fifteen of a superseding indictment, pursuant to a written plea agreement. Count One charged conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846. Count Fifteen charged possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).

On January 2, 2008, the defendant was sentenced to 120 months imprisonment as to Count One. She was sentenced to 60 months imprisonment as to Count Fifteen, to run consecutively to the sentence imposed as to Count One.

## FACTS

The stipulated factual basis[3] for the guilty plea stipulates that Sheila Richard, Bryan Richard, and others were involved in obtaining methamphetamine from Texas and distributing it in Calcasieu Parish. The defendant, Sheila Richard, arranged and was present during some of the transactions.

On January 4, 2006, an informant called Brian Keith Richard and spoke to Sheila Richard who instructed the informant to meet her and Brian Richard where they had previously exchanged drugs. During that transaction Sheila Richard was a passenger in a mini van while Brian Richard sold the informant the small plastic bag containing methamphetamine.

On January 24, 2006, the informant called Brian Richard at a different telephone number. Sheila Richard answered the phone and gave the telephone to Brian Richard, who agreed to meet the informant for another drug transaction.

On March 18, 2006, agents searched a residence belonging to David McCloud where they encountered Sheila Richard. In a purse in the bathroom, from which they had seen Sheila Richard

---

[3] Doc. 178-2.

2

exit, they found glass smoking devices, a Davis Industries' model P-32 .32 caliber semi-automatic pistol with four live rounds in a magazine and one in the chamber, and a small black box containing dark rock fragments which were described as crack residue. The purse also contained two small spiral notebooks with drug ledger entries.

Sheila Richard admitted that the purse and the contents were hers and explained that the entries in the spiral notebook referred to methamphetamine sources in Texas as well as cellular numbers for some of the co-defendants. She described numerous trips to Texas to obtain methamphetamine, cocaine, and MDMA tablets. She mentioned that she had traveled to Texas on at least ten occasions to purchase methamphetamine and stipulated that the relevant conduct entailed at least 1,500 grams of methamphetamine.

The stipulated factual basis specifically provides, "She also admits that the firearm was possessed for her own protection during her involvement in drug transactions."

## Law and Analysis

The claim that the factual basis for her guilty plea was deficient is not cognizable in a §2255 motion. The only issues cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues, and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) *(en banc)*. Even if the issues are constitutional or jurisdictional, the

3

defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) ( citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995).

Even if a defendant cannot establish "cause" and "prejudice," she may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S. Ct. 1604, 1610-1611, 140 L.Ed.2d 828 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232; *United States v. Williams*, No. 05-30014-01, 2008 WL 5532099, *2 (W.D.La. 12/04/2008).

A criminal defendant who fails to raise an available issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). A prisoner who collaterally attacks her conviction can establish cause for her procedural default "if she can show that some objective factor external to the defense impeded counsel's efforts to comply with the ... procedural rule or that his attorney's performance failed to meet the [ *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] standard for effective assistance of counsel." *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997)(internal quotations omitted). A

4

showing of a fundamental miscarriage of justice can be shown if a prisoner can establish actual innocence. *Id.* at 1465 n.5. To do so, the prisoner must demonstrate that, "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Jones v. United States*, 153 F.3d 1305, 1308 (11th Cir. 1998) (internal quotations and citations omitted).

Addressing collateral attacks in cases where a defendant entered a guilty plea, the Court in *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 1610 (U.S. 1998) held that "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546-47, 81 L.Ed.2d 437 (1984) (footnote omitted). The voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and " 'will not be allowed to do service for an appeal.' " *Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) (quoting *Sunal v. Large*, 332 U.S. 174, 178, 67 S. Ct. 1588, 1590-1591, 91 L.Ed. 1982 (1947)). Indeed, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784, 99 S. Ct. 2085, 2087, 60 L.Ed.2d 634 (1979). In this case, Sheila Richard did not file a direct appeal. In failing to do so, she procedurally defaulted the claim that the factual basis for her guilty plea was deficient.

Richard also argues ineffective assistance of counsel in her §2255 motion. A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991). This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary.

5

*United States v. Glinsey* 209 F.3d 386, 392 ( 5th Cir. 2000).

Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial. *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064); *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993). The burden that *Strickland* poses on a defendant is severe. *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S. Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987). Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second- guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'" *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S. Ct. 873, 93 L.Ed.2d 827 (1987)).

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067. Rather, the defendant must demonstrate a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

If the plea was voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir., 1994). The defendant claims that her attorney failed to ensure that she was intelligently admitting to the charges and that she understood the charge against her. The transcript of the plea hearing, as well as the documents signed by Richard, indicate that Richard understood the charges and that her plea was voluntary. The defendant has introduced no evidence to the contrary. She also acknowledged in writing that she was satisfied with the assistance that she had received from her counsel, Andrew Casanave. Richard's allegations in this pleading are therefore contradicted by her testimony at the guilty plea.

Accordingly, for the reasons stated herein, the defendant's §2255 and §3582 motions will be denied.

Lake Charles, Louisiana, this 31 day of March, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE