IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 2:06-CR-20027-002 |
| | ) |
| SHEILA MATERNE RICHARD, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATON**

COMES NOW, Sheila Materne Richard, the defendant pro se, and respectfully moves this Honorable Court pursuant to 18 U.S.C. § 3583(e)(1), to terminate the term of supervised release early and discharge the defendant, and in support thereof states as follows:

1) On August 14, 2007, Ms. Materne Richard pled guilty to the Superseding Indictment Count 1 that charged her with conspiracy to possess with intent to distribute Methamphetamine in violation of 21 U.S.C. § 846 and Count 15 that charged her with possession of Firearms in furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1).

2) On December 27, 2007, the Court sentenced Ms. Materne Richard to 180 months of custody, 120 months on Count 1 and 60 months on Count 15 to run consecutively; 5 years of supervised release, 5 years on Count 1 and 3 years on Count 15 to run concurrently; and a criminal monetary penalty of $200.

3) On or about May 3, 2006, Ms. Materne Richad was ordered to pay $3,000.00 as contribution of attorney's fees towards CJA counsel. That amount was paid into the registry of the court on or about May 12, 2006.

4) Included in her sentence Ms Materne Richard was ordered to pay a $200.00 special assessment. The special assessment was paid in full.

5) The court recommended that Ms. Materne Richard be afforded the highest level of substance abuse treatment available to her during her incarceration, but unfortunately

     she was ineligible to complete the Residential Drug Abuse Program (RDAP) due to her firearm charge.

6) Ms. Materne Richard was released from prison on August 26, 2019. She then completed a period of time in a Half-Way House. During her time in the Half-Way House, Ms. Materne Richard attended substance abuse and mental health counseling. There was also a substance abuse evaluation in which no further treatment was recommended.

7) Ms. Materne Richard performed the community service portion of her sentence until released by her probation officer. She has completed 36 months of supervised release at this point in time.

8) Ms. Materne Richard is currently the live-in main caregiver for her ill elderly mother.

9) Ms. Materne Richard has remained compliant with all conditions of her supervised release. She has had no problems with law enforcement. Ms. Materne Richard has submitted this Motion upon advice of her Probation Officer Cristina R. Cypher that she submit for early termination of probation.

10) Ms. Materne Richard requests that the Court appoint an attorney to assist with this early termination of probation process, preferably one of the following attorneys previously appointed in this case as they would have prior knowledge and interaction with her and this case:
                  Andrew M. Casanave, Esq.
                  Pride J. Doran, Esq.
                  Rebecca L. Hudsmith, Esq.

## MEMORANDUM OF LAW IN SUPPORT

18 U.S.C. § 3583(e)(1) provides that the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release pursuant to [Rule 32.1] if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." Id.

Under this provision, the defendant may move for early termination and discharge after completing one year of supervised release. This requires the court to proceed with a "conduct-

based inquiry into the continued necessity for supervision." *United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999)*. The "interest of justice" language allows the court board discretion to consider a range of factors in addition to the defendant's conduct. The court may terminate supervised release after one year even if defendant has not completed a longer mandatory minimum supervised release required by the substantive statute. *United States v Spinelle, 41 F.3d 1056, 1059-60 (6th Cir. 1994); United States v. Rodriguera, 954 F.2d 1465, 1469 (9th Cir. 1992)*.

WHEREFORE, for the reasons stated above, Defendant Sheila Materne Richard respectfully requests that the Court grant this motion and terminate her supervised release. Respectfully submitted this 13th day of October 2022.

/s/ *Sheila Materne Richard*
Sheila Materne Richard
Defendant Pro Se
127 Earnest Drive
Ragley, LA 70657
(337) 317-1850
sheilamaterne@gmail.com

CERTIFICATE OF SERVICE

I have this day served the Government counsel a copy of the *DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION* by U.S. Mail with sufficient postage for first class delivery to:

U S Attorney's Office
Western District of Louisiana
611 Broad Street
Room 348
Lake Charles, LA 70601

This 13th day of October 2022.   Respectfully submitted,

/s/ *Sheila Materne Richard*
Sheila Materne Richard
Defendant Pro Se
127 Earnest Drive
Ragley, LA 70657
(337) 317-1850
sheilamaterne@gmail.com